SIN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STEVEN BENDER,                          :
                Plaintiff,               :      Civil Action No.:
                                      :
        v.                              :
                                        :
BOROUGH OF PEN ARGYL,                    :      JURY TRIAL DEMANDED
                Defendant.              :

## COMPLAINT

Plaintiff John A. Brown, by and through undersigned counsel, allege as follows:

## NATURE OF ACTION

1.     This action arises under 42 U.S.C. § 1983 and the Fourteenth Amendment.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because Plaintiff asserts federal claims under 42 U.S.C. § 1983.

3.     This Court has supplemental jurisdiction over Plaintiff's Pennsylvania-law claims pursuant to 28 U.S.C. § 1367 because those claims form part of the same case or controversy.

4.     Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in Northampton County, Pennsylvania.

## FACTS

5.      Plaintiff Steven Bender was employed by Defendant Borough of Pen Argyl for decades, most recently as Public Works Director.

6.      Defendant Borough of Pen Argyl is a Pennsylvania municipal corporation and at all relevant times acted under color of state law.

7.      Plaintiff challenges the Borough of Pen Argyl's failure to provide constitutionally adequate procedural due process.

8.      Plaintiff does not claim a property interest in continued employment.

9.      Instead, Plaintiff asserts protected property interests in:

> (a) accrued paid leave, and
>
> (b) health-insurance continuation procedures established by the Borough's policies.

10.     Defendant impaired those interests during the termination process.

11.     The Borough required Plaintiff to decide, within seven days, whether to accept retirement and sign a release waiving claims to accrued leave.

12.     At the same time, the Borough failed to provide:

> (a) clear notice of how accrued leave would be treated, and
>
> (b) the continuation procedures referenced in its own policies. As a result, Plaintiff was deprived of a meaningful and informed opportunity to understand, preserve, or contest those interests.

13. Plaintiff also seeks declaratory relief under Pennsylvania law.

14. Defendant's actions were taken through a process that, upon information and belief, did not comply with the Pennsylvania Sunshine Act.

15. Plaintiff seeks a declaration that such action is void to the extent permitted by law.

16. Plaintiff further asserts a claim under the Pennsylvania Whistleblower Law.

17. Plaintiff engaged in protected activity by raising concerns regarding municipal fiscal and operational practices, including opposition to the reopening of the Borough swimming pool.

18. Defendant's actions followed that protected conduct and were taken in a non-neutral manner.

19. During his employment, Plaintiff earned paid leave benefits pursuant to the Borough's written policies and benefits practices, including vacation leave, sick leave, and personal days/PTO.

20. As used herein, "Accrued Paid Leave" refers to vacation leave, sick leave, and personal days/PTO that Plaintiff had earned and that were tracked and recorded by the Borough pursuant to its benefits policies and practices.

21.    Accrued Paid Leave was maintained as recorded balances and was available for use during employment, subject to routine scheduling and approval requirements.

22.    Under the Borough's benefits structure applicable to management employees, sick leave was earned annually, accumulated over time up to a stated cap, and tracked as a balance, notwithstanding that sick leave was designated as having no cash payout value at separation.

23.    Prior to being placed on administrative leave, Plaintiff informed the Borough that he was scheduled to undergo major cardiac surgery and would require time off and medical recovery.

24.    The Borough had advance notice of Plaintiff's impending surgery and medical needs when it initiated disciplinary proceedings and placed Plaintiff on administrative leave.

25.    Plaintiff underwent the scheduled cardiac surgery while on administrative leave and required continuing medical recovery thereafter.

26.    Prior to the disciplinary proceedings, Plaintiff publicly expressed opposition to reopening the Borough swimming pool on fiscal and operational grounds.

27.    Plaintiff's position placed him at odds with certain Borough officials who supported reopening the pool and expressed dissatisfaction with Plaintiff's views.

28.    This background provides context for the escalation of discipline and the non-neutral manner in which the separation process was pursued.

29.    By letter dated February 2026, the Borough's solicitor notified Plaintiff of allegations by a subordinate and directed him to appear for a predisciplinary meeting on February 24, 2026.

30.    Plaintiff was placed on administrative leave pending the outcome of these proceedings.

31.    The predisciplinary process addressed alleged conduct but did not provide notice or an opportunity to be heard regarding the impact of termination on Accrued Paid Leave or on health-insurance continuation procedures under the Borough's policies.

32.    On or about March 9, 2026, the Borough issued a written Notice of Termination, stating that Council determined there was sufficient evidence to terminate Plaintiff and describing conduct allegations.

33.    The Notice offered, "in lieu of immediate termination," that Plaintiff remain on paid administrative leave until April 1, 2026 and then retire.

34. The Notice stated that Plaintiff's health insurance would continue only until the end of April 2026 if his last day of employment was April 1.

35. The Notice required Plaintiff to sign a release releasing any claims against the Borough, including claims to accrued vacation, personal days, and sick leave.

36. The Borough demanded a response to the proposed retirement-and-release within seven days.

37. Plaintiff, through counsel, declined the retirement option described in the March 9 Notice.

38. The Borough maintains written policies and materials describing health-insurance continuation procedures, including an election period following separation of employment.

39. The Borough did not provide Plaintiff with continuation-coverage notices or election forms at or before the time Plaintiff was required to decide whether to sign the release and retire.

40. At no point did the Borough identify any official or process through which Plaintiff could seek clarification or raise objections concerning Accrued Paid Leave or continuation-coverage rights.

41. Plaintiff was never provided notice or a meaningful opportunity to be heard regarding:

a. the forfeiture, waiver, treatment, or use of Accrued Paid Leave; or

b. the availability, timing, or procedure for health-insurance continuation under the Borough's policies.

42.    The Borough's demand that Plaintiff release claims to Accrued Paid Leave confirms that those interests were treated as legally significant, yet they were impaired without constitutionally adequate process.

43.    The March 9 Notice references Council's consideration of the matter following a February 24 workshop and March 3 regular meeting; Plaintiff alleges that, upon information and belief, the determinative decision-making and deliberation occurred outside the forum required for official action under the Sunshine Act and was presented as a foregone conclusion in the public-facing process.

44.    An actual controversy exists as to whether Defendant's actions complied with the Sunshine Act and whether any resulting official action affecting Plaintiff is void to the extent permitted by Pennsylvania law.

## COUNT I
## PROCEDURAL DUE PROCESS
## (42 U.S.C. § 1983)

45.    Plaintiff incorporates by reference Paragraphs 1 through 44 as if fully set forth herein.

46.     Plaintiff possessed protected property interests in Accrued Paid Leave and in health-insurance continuation procedures adopted and maintained by the Borough, which created legitimate claims of entitlement to the benefit structures and procedures as administered by the Borough.

47.     Defendant, acting under color of state law, impaired and conditioned those interests by demanding a release of accrued-leave claims, by requiring a response within seven days, and by obscuring or withholding continuation-procedure information and materials at the time Plaintiff was compelled to decide how to proceed.

48.     Defendant failed to provide constitutionally sufficient process before impairing those interests, including failing to provide:

> a. notice of the Borough's position regarding Plaintiff's Accrued Paid Leave if Plaintiff declined the proposed retirement-and-release;
>
> b. notice and a meaningful opportunity to be heard regarding the forfeiture, waiver, or treatment of Accrued Paid Leave;
>
> c. timely provision of continuation notices/election materials and a meaningful opportunity to be heard regarding continuation procedures under the Borough's policies; and
>
> d. any identified forum, official, or process through which Plaintiff could seek clarification and raise objections regarding these property interests.

49.     Defendant's demand for a rapid waiver decision was imposed during a period when Defendant had advance knowledge that Plaintiff was undergoing and

recovering from major cardiac surgery, further compounding the procedural inadequacy.

50.    As a direct and proximate result of Defendant's actions, Plaintiff suffered damages including loss or impairment of Accrued Paid Leave, loss of a meaningful opportunity to elect or consider continuation coverage consistent with the Borough's procedures, and related financial and medical harm.

WHEREFORE, Plaintiff demands judgment against Defendant and requests compensatory damages, attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and such other relief as the Court deems just and proper.

## COUNT II
## DECLARATORY JUDGMENT (PENNSYLVANIA SUNSHINE ACT)
### (65 Pa. C.S. § 701 et seq.; supplemental jurisdiction)

51.    Plaintiff incorporates by reference Paragraphs 1 through 50 as if fully set forth herein.

52.    Defendant is a municipal agency subject to the Pennsylvania Sunshine Act.

53.    The Sunshine Act requires that official action and deliberations occur at meetings open to the public with appropriate notice, and limits the use of non-public processes for decision-making.

54.    Upon information and belief, Defendant engaged in deliberation and/or decision-making concerning Plaintiff's separation outside the public forum

required for official action and presented the outcome as predetermined in the public-facing process referenced in the March 9 Notice.

55. An actual controversy exists regarding Defendant's compliance with the Sunshine Act and the legal effect of any official action taken or effectuated in violation of the Act, and Plaintiff is aggrieved by the actions affecting his rights and interests.

56. Plaintiff is entitled to a declaration that Defendant violated the Pennsylvania Sunshine Act.

57. Plaintiff is further entitled to a declaration that any official action taken or effectuated outside the Sunshine Act's requirements—including official action relating to Plaintiff's separation and the conditions imposed upon it—is void ab initio and without legal effect, to the extent permitted by Pennsylvania law.

WHEREFORE, Plaintiff demands judgment declaring Defendant's violations, declaring void official action to the extent permitted by law, awarding reasonable attorneys' fees and costs where authorized, and granting such other relief as the Court deems just and proper.

## COUNT III
## PENNSYLVANIA WHISTLEBLOWER LAW
### (43 P.S. § 1421 et seq.)

58. Plaintiff incorporates by reference Paragraphs 1 through 57 as if fully set forth herein.

59.    Defendant is a public body within the meaning of the Pennsylvania Whistleblower Law.

60.    Plaintiff, in good faith, raised and communicated concerns regarding municipal fiscal and operational practices, including publicly opposing reopening the Borough swimming pool on fiscal and operational grounds, which Plaintiff reasonably believed implicated waste and/or improper municipal conduct.

61.    Defendant subjected Plaintiff to adverse employment action, including administrative leave and termination proceedings.

62.    Plaintiff's protected activity was a contributing factor in Defendant's adverse action, as evidenced by the escalation of discipline and the non-neutral manner in which the separation process was pursued following Plaintiff's protected opposition and expressed concerns.

63.    Plaintiff suffered damages as a direct and proximate result of Defendant's retaliation.

WHEREFORE, Plaintiff demands judgment against Defendant for all relief available under the Pennsylvania Whistleblower Law, including compensatory damages, costs and attorneys' fees pursuant to 42 U.S. C. § 1988 and applicable law where authorized, and such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

**BROUGHAL & DeVITO, L.L.P.**

Dated:    5/27/2026              By:      /s/ John S. Harrison
                                         JOHN S. HARRISON, ESQUIRE
                                         Attorney I.D. No. 53864
                                         ERIKA A. FARKAS, ESQUIRE
                                         Attorney I.D. No. 313686
                                         38 West Market Street
                                         Bethlehem, PA 18018
                                         Telephone No.:  (610) 865-3664
                                         Facsimile No.:  (610) 865-0969
                                         johnharrison@broughal-devito.com
                                         erikafarkas@broughal-devito.com
                                         *Attorneys for Plaintiff*