**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STEVEN BENDER,<br>Plaintiff,<br><br>v.<br><br>BOROUGH OF PEN ARGYL,<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>: | Civil No.: 5:26-cv-03641-JMG |

**MEMORANDUM OPINION**

**GALLAGHER, J.** **September 28, 2026**

## I. OVERVIEW

Plaintiff Steven Bender ("Plaintiff") commenced this civil action against Defendant Borough of Pen Argyl ("Defendant" or the "Borough") arising from the termination of his employment as the Borough's Public Works Director. Plaintiff alleges that the Borough deprived him of constitutionally protected property interests in accrued paid leave and health-insurance continuation procedures without adequate procedural due process. Plaintiff further asserts a claim under the Pennsylvania Sunshine Act based on allegations that Borough officials deliberated and made decisions concerning his separation outside the public forum required by law. Finally, Plaintiff brings a claim under the Pennsylvania Whistleblower Law, alleging that his opposition to reopening the Borough swimming pool on fiscal and operational grounds constituted protected activity and contributed to the adverse employment action taken against him

For the reasons below, the Court concludes that because Plaintiff has failed to show a protected federal interest under *Unger v. Nat'l Residents Matching Program*, 928 F.2d 1392 (3d Cir. 1991), his procedural due process claim under 42 U.S.C. § 1983 must fail. Count I is therefore dismissed without prejudice, with leave to amend. The dismissal of Count I leaves no basis for this

Court to exercise federal jurisdiction over the remaining claims. Therefore, such claims are dismissed without prejudice, as well.

## II. BACKGROUND[1]

This action arises from the termination of Plaintiff Steven Bender's employment with Defendant Borough of Pen Argyl. Plaintiff alleges that he was employed by the Borough for decades and most recently served as its Public Works Director. ECF No. 1 ¶ 5. Plaintiff does not claim a property interest in continued employment. *Id.* ¶ 8. Instead, he alleges that he possessed protected interests in accrued paid leave—including vacation leave, sick leave, and personal days/PTO, and in health-insurance continuation procedures established and maintained by the Borough. *Id.* ¶¶ 9, 19–22, 38–41.

According to the Complaint, Plaintiff's accrued paid leave was maintained as recorded balances and was available for use during his employment, subject to routine scheduling and approval requirements. *Id.* ¶¶ 19–21. Plaintiff alleges that sick leave was earned annually, accumulated over time up to a stated cap, and tracked as a balance, although the Borough's policies provided that sick leave had no cash payout value at separation. *Id.* ¶ 22. Plaintiff further alleges that, before the disciplinary proceedings began, he informed the Borough that he was scheduled to undergo major cardiac surgery and would require time off and medical recovery. *Id.* ¶¶ 23–25.

Plaintiff also alleges that, before the disciplinary proceedings, he publicly opposed reopening the Borough swimming pool on fiscal and operational grounds. *Id.* ¶ 26. According to Plaintiff, his position placed him at odds with certain Borough officials who supported reopening the pool and expressed dissatisfaction with his views. *Id.* ¶ 27. Plaintiff alleges that this

[1] The Court accepts Plaintiff's factual allegations as true, as we must at this early stage.

disagreement provides context for the subsequent escalation of discipline and the manner in which the Borough pursued his separation. *Id.* ¶ 28.

In February 2026, the Borough's solicitor notified Plaintiff of allegations made by a subordinate and directed him to appear for a pre-disciplinary meeting on February 24, 2026. *Id.* ¶ 29. Plaintiff was placed on administrative leave pending the outcome of the proceedings. *Id.* ¶ 30. Plaintiff alleges that the pre-disciplinary process addressed the alleged conduct but did not provide notice or an opportunity to be heard concerning the effect of his termination on his accrued paid leave or his health-insurance continuation procedures. *Id.* ¶ 31.

On or about March 9, 2026, the Borough issued Plaintiff a written Notice of Termination stating that Borough Council had determined that there was sufficient evidence to terminate him and describing the conduct allegations against him. *Id.* ¶ 32. The Notice offered Plaintiff, "in lieu of immediate termination," the option to remain on paid administrative leave until April 1, 2026 and then retire. *Id.* ¶ 33. The Notice further provided that Plaintiff's health insurance would continue through the end of April 2026 if his last day of employment was April 1. *Id.* ¶ 34.

The proposed retirement arrangement required Plaintiff to sign a release of claims against the Borough, including claims concerning his accrued vacation, personal days, and sick leave. *Id.* ¶ 35. Plaintiff was required to respond within seven days and ultimately declined the retirement option through counsel. *Id.* ¶¶ 36–37. Plaintiff alleges that, although the Borough maintained written policies and materials concerning health-insurance continuation, including an election period following separation from employment, the Borough did not provide him with continuation-coverage notices or election forms before he was required to decide whether to accept the retirement-and-release proposal. *Id.* ¶¶ 38–39.

Plaintiff further alleges that the Borough did not identify any official or process through which he could seek clarification or raise objections concerning his accrued paid leave or health-insurance continuation rights. *Id.* ¶ 40. According to the Complaint, Plaintiff therefore was not provided notice or a meaningful opportunity to be heard concerning the forfeiture, waiver, treatment, or use of his accrued paid leave, or concerning the availability, timing, or procedures for health-insurance continuation under the Borough's policies. *Id.* ¶ 41. Plaintiff alleges that the Borough's demand that he release claims to accrued paid leave further demonstrates that those interests were treated as legally significant. *Id.* ¶ 42.

Plaintiff also challenges the process by which Borough Council reached the decision concerning his separation. The March 9 Notice referenced Council's consideration of the matter following a February 24 workshop and March 3 regular meeting. *Id.* ¶ 43. Plaintiff alleges, however, that, upon information and belief, the determinative decision-making and deliberation occurred outside the forum required for official action under the Pennsylvania Sunshine Act and that the result was presented as a foregone conclusion through the public-facing process. *Id.* ¶¶ 43–44.

Plaintiff commenced this action on May 28, 2026, asserting three claims against the Borough. ECF No. 1. Count I asserts a claim under 42 U.S.C. § 1983 for violation of the Fourteenth Amendment's procedural due process protections based on the alleged impairment of Plaintiff's accrued paid leave and health-insurance continuation interests without constitutionally adequate process. *Id.* ¶¶ 45–50. Count II seeks declaratory relief under the Pennsylvania Sunshine Act based on the alleged nonpublic deliberation and decision-making concerning Plaintiff's separation. *Id.* ¶¶ 51–57. Count III asserts a claim under the Pennsylvania Whistleblower Law, alleging that Plaintiff engaged in protected activity by raising concerns about municipal fiscal and operational

practices, including opposition to reopening the Borough swimming pool, and that this activity was a contributing factor in the Borough's adverse employment action against him. *Id.* ¶¶ 58–63.

On August 10, 2026, the Borough moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 8. The Borough argues that Plaintiff fails to state a viable procedural due process claim because he has not adequately pleaded municipal liability or a protected property interest in accrued paid leave; that the Sunshine Act claim fails on the merits and is time-barred; and that Plaintiff has not adequately alleged a protected report of waste under the Pennsylvania Whistleblower Law. ECF No. 8. Plaintiff filed his opposition on August 24, 2026. ECF No. 9.

## III. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotations and citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion

couched as a factual allegation." *Wheeler v. Wheeler*, 639 F. App'x 147, 149 (3d Cir. 2016) (quoting *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013)).

## IV. ANALYSIS

### A. Plaintiffs Fails to Plead a State Procedural Due Process Claim

In Count I, Plaintiff alleged his procedural due process rights were violated when Defendant terminated Plaintiff and failed to provide him notice or a meaningful opportunity to be heard regarding (a) the forfeiture, waiver, treatment, or use of accrued paid leave; or (b) the availability, timing, or procedure for health-insurance continuation under the Borough's policies. ECF No. 1 ¶ 41. Because Plaintiff has failed to show that accrued paid leave and health insurance continuation are constitutionally protected under *Unger*, his due process claim is dismissed without prejudice, with leave to amend.

Section 1983 states that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen . . . or other person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. "To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants, acting under color of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the complained of injury." *Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2004).

"To state a claim under Section 1983 for deprivation of procedural due process rights, a plaintiff must allege that: (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property', and; (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F. 3d 225, 234 (3d Cir. 2006). The only property interests afforded procedural due process protection ae those which a plaintiff can show a "legitimate claim of entitlement." *Bd. Of Regents v. Roth*, 408

U.S. 564, 577 (1972). "Whether such a claim of entitlement exists is not determined by the Constitution, but rather according to existing state law." *Colletta v. City of Philadelphia*, 2016 U.S. Dist. LEXIS 145992 at *7 (E.D Pa. Oct. 21, 2016) (citing *Bd. Of Regents*, 408 U.S. at 577; *Elmore*, 399 F.3d at 282; *Dee v. Borough of Dunmore*, 549 F.3d 225, 229 (3d Cir. 2008).

For a procedural due process claim to proceed, a plaintiff must allege facts showing a constitutionally-protected property interest. *See Colletta*, 2016 U.S. Dist. LEXIS 145992 at *7-8. Plaintiff states no source for the interest besides the Borough's benefit structure and policies and procedures. *See* ECF No. 9, Pl.'s Mem. Opp'n to Def.'s Mt. to Dismiss at 7.

Defendant cites *Colletta* as a similar case in where this district has declined to consider post-employment benefits as constitutionally protected property entitling the plaintiff to due process protections. *See* ECF No. 8, Def.'s Mem. Supp. Mot. to Dismiss at 6-7 (citing *Colletta*, 2016 U.S. Dist. LEXIS 145992). While *Colletta* is not binding, this Court is persuaded that the reasonings set forth in *Colletta* apply to this case as well. *See Colletta*, 2016 U.S. Dist. LEXIS 145992 (holding that an interest in employment benefits does not meet the stringent standard set out in *Unger* that would entitle the plaintiff to due process protections).

Further, Plaintiff has failed to show any legal basis for this Court to depart from Third Circuit precedent and find post-employment benefits constitute a protected property interest affording due process protections. *See Piekutowski v. Township of Plains*, No. 05-2078, 2006 U.S. Dist. LEXIS 82012, 2006 WL 3254536, at *5 (M.D. Pa. Nov. 9, 2006) (dismissing plaintiff's due process claim that his government employer deprived him of a vested property interest in accumulated sick leave); *Pence v. Mayor & Twp. Comm. of Bernards Twp.,* 453 F. App'x 164, 167 (3d Cir. 2011) (holding plaintiff's sick leave was not a constitutionally protectable property interest); *Skowronek v. Borough of Avonmore,* No. 07-689, 2007 U.S. Dist. LEXIS 65414, 2007

WL 2597930, at *3 (W.D. Pa. Sept. 5, 2007) (relying on *Piekutowski* that "[e]mployment benefits, such as sick leave, are not property interests protected by the due process safeguards of the Fourteenth Amendment").

## V. CONCLUSION

Plaintiff has failed to show that he has a property interest afforded constitutional protection under the due process clause, thus Defendant's motion to dismiss Plaintiff's due process claim (Count I) is granted without prejudice, with leave to amend. This Court has doubts that Plaintiff can amend to add facts to bring the claim within existing precedent but is affording him the opportunity to do so. In the absence of Count I, this Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state claims. Thus, Counts II and III are dismissed without prejudice. Accordingly, Defendant's Motion to Dismiss is **GRANTED.** An appropriate Order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge